[Cite as *Dodge v. Dodge*, 2017-Ohio-7087.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jennifer Dodge, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 16AP-166 |
| v. | : | (C.P.C. No. 13DR-3137) |
| Stephen Dodge, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 3, 2017

**On brief:** *Grossman Law Offices, Anthony R. Auten* and *John H. Cousins, IV,* for appellee. **Argued:** *John H. Cousins, IV.*

**On brief:** *The Law Office of Nicholas W. Yaeger, LLC,* and *Nicholas W. Yaeger,* for appellant. **Argued:** *Nicholas W. Yaeger.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

HORTON, J.

{¶ 1} Defendant-appellant, Stephen Dodge, appeals from a judgment entry decree of divorce entered by the Franklin County Court of Common Pleas, Division of Domestic Relations, terminating appellant's marriage to plaintiff-appellee, Jennifer Dodge. Because we are unable to review appellant's assigned errors, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant and appellee were married on December 28, 2007; they have two minor children. Appellee filed a complaint for divorce on August 23, 2013. Appellant filed

an answer and a counterclaim for divorce on September 16, 2013. The trial court issued temporary orders regarding spousal support, child support, and parenting time.

{¶ 3} The parties filed a joint motion for arbitration on August 14, 2015. The motion stated that, upon "permission being granted by the Court, the parties agree to proceed with arbitration, pursuant to the terms of the arbitration agreement which is attached." (Aug. 14, 2015 Joint Mot. at 1.) The arbitration agreement stated that the parties had selected Gerald J. Babbit to serve as arbitrator. The court sustained the joint motion for arbitration on August 19, 2015. (*See* Jgmt. Entry Decree of Divorce, Ex. D.)

{¶ 4} The parties subsequently discovered that Babbit was unable to serve as the arbitrator due to a conflict of interest. As such, the court granted the parties' motion to vacate the court's August 19, 2015 entry.

{¶ 5} On January 21, 2016, the parties filed another joint motion for arbitration, and attached their new arbitration agreement to the joint motion. The new arbitration agreement was identical to the agreement the parties filed with the August 14, 2015 motion, except that the new agreement identified Craig Treneff as the arbitrator.

{¶ 6} In the arbitration agreement, the parties stated that they "believe[d] that their domestic dispute should be submitted to arbitration; and in furtherance thereof they have entered into this agreement for binding arbitration to fully, resolve the arbitrable issues to be submitted to the Arbitrator for resolution." (Arbitration Agreement at 1.) The parties identified the arbitrable issues as spousal support, division of property, application of R.C. 3105.73, all child-related financial issues, and any other issues agreed upon by both counsel at the commencement of the arbitration. Paragraph six of the arbitration agreement, titled "AWARD," provided that:

> The Arbitrator shall issue his decision in writing. His decision shall include Findings of Fact and Conclusions of Law. The decision shall be delivered to each counsel simultaneously. The decision shall be rendered within 14 days following the conclusion of the hearing. **Except as otherwise set forth in R.C. Sec. 2711.10, .11, and .13, upon completion of the arbitration hearing, the Arbitrators' determination shall be final, binding and conclusive on both parties.**
>
> * * *

> The transcript of testimony, evidence produced, and the Arbitrator's Decision shall be considered the record of this divorce as it relates to any future proceedings including but not limited to modification of child support and spousal support, and full rights of appeal by either party from the Decree of Divorce.

(Emphasis sic.) (Arbitration Agreement at ¶ 6.)

{¶ 7} On January 21, 2016 the court issued an entry sustaining the joint motion for arbitration.

{¶ 8} On February 11, 2016, the arbitrator's January 8, 2016 decision and award was filed in the trial court. The award stated that the arbitration hearing was held on December 7 and 14, 2015, and that the hearing was "conducted pursuant to Ohio Revised Code § 2711.01 *et seq.*" (Arbitration Decision & Award at 1.) The award contained findings of fact and conclusions of law regarding every issue presented to the arbitrator for resolution.

{¶ 9} On February 25, 2016, the trial court issued the judgment entry decree of divorce, which adopted the arbitrator's decision and award and made the award the final order of the court. The court noted in the decree that the parties had entered into an agreement allocating parental rights and responsibilities, and that the guardian ad litem had approved their agreement. The court adopted the parties' agreement and made it an order of the court relating to all matters concerning the minor children. On March 4, 2016, appellant filed a notice of appeal from the judgment entry decree of divorce.

## II. ASSIGNMENTS OF ERROR

{¶ 10} Appellant appeals, assigning the following errors for our review:

> [I.] The Trial Court Abused Its Discretion And Erred As A Matter Of Law In Failing To Find A De Facto Termination Of The Marriage Prior To The Date Of The Final Hearing And By Failing To Value Assets And Liabilities As Of The Proposed De Factor Date Of August 29, 2013.

> [II.] The Arbitrator Abused his Discretion By Valuing And Dividing As An Asset Property That Is Neither Owned By the Appellee Or Appellant Thereby Rendering An Inequitable Property Division Per R.C. §3105.171.

> [III.] The Arbitrator Erred As A Matter Of Law And Abused His Discretion By Failing To Divide A Marital Deferred Tax

Liability, And, As A Result, The Property Division Is Incomplete.

[IV.] The Arbitrator Erred As A Matter Of Law And Abused His Discretion In Its Child Support Calculation By Imputing $25,200 In Child Care Expenses When None Exist, By Only Imputing Income of $25,000 To The Appellee And By Failing To Appropriately Analyze The Factors Of This Case Pursuant R.C. 3119.04(B).

[V.] The Trial Court Abused Its Discretion And Erred As A Matter Of Law By Allocating Marital Debts/Loans Made By The Parties' Family Members As The Sole Debt Of The Appellant. Subsequently The Property Division Is Unequal And Inequitable.

[VI.] The Arbitrator Erred As A Matter Of Law And Abused His Discretion By Dividing The Appellant's FA Capital Accumulation Awards Equally Between The Parties When The Parties And Their Experts Agreed Only 85.7% Of These Awards Were Marital.

## III. ANALYSIS

{¶ 11} Appellant's assignments of error all pertain to findings made by the arbitrator, which were adopted by the trial court and incorporated into the judgment entry decree of divorce. Because appellant failed to properly challenge the arbitrator's award in the trial court, we are unable to reach the merits of appellant's assignments of error.

{¶ 12} "Arbitration occurs when disputing parties contractually agree to resolve their conflict by submitting it to a neutral third party for resolution. It provides the parties with a relatively speedy and inexpensive method of conflict resolution and has the additional advantage of unburdening crowded court dockets." *Mahoning Cty. Bd. of Mental Retardation & Dev. Disabilities v. Mahoning Cty. TMR Edn. Assn.*, 22 Ohio St.3d 80, 83 (1986). Sup.R. 15(B) permits a judge in a domestic relations case to "refer a case or a designated issue to arbitration" at the request of all parties. *See also Kelm v. Kelm*, 68 Ohio St.3d 26 (1993), paragraph one of the syllabus.

{¶ 13} "Ohio has a strong and well-established public policy favoring arbitration." *State v. Ohio Civ. Serv. Emps. Assn., Local 11 AFSCME AFL-CIO*, 10th Dist. No. 14AP-906, 2016-Ohio-5899, ¶ 12, citing *Schaefer v. Allstate Ins. Co.*, 63 Ohio St.3d 708, 711

(1992). Arbitration awards are presumed valid, and a reviewing court may not merely substitute its judgment for that of the arbitrator. *Id. See Mahoning Cty.* at 83-84 (observing that "[t]he whole purpose of arbitration would be undermined if courts had broad authority to vacate an arbitrator's award").

{¶ 14} "Once an arbitration is completed, a court has no jurisdiction except to confirm and enter judgment (R.C. 2711.09 and 2711.12), vacate (R.C. 2711.10 and 2711.13), modify (R.C. 2711.11 and 2711.13), correct (R.C. 2711.11 and 2711.13), or enforce the judgment (R.C. 2711.14)." *State ex rel. R.W. Sidley, Inc. v. Crawford*, 100 Ohio St.3d 113, 2003-Ohio-5101, ¶ 22. "A trial court may not evaluate the actual merits of an award and must limit its review to determining whether the appealing party has established that the award is defective within the confines of R.C. Chapter 2711." *Telle v. Estate of William Soroka*, 10th Dist. No. 08AP-272, 2008-Ohio-4902, ¶ 9. Because an arbitration award may be challenged only through R.C. Chapter 2711, " '[t]he jurisdiction of the courts to review arbitration awards is thus statutorily restricted; it is narrow and it is limited.' " *Miller v. Gunckle*, 96 Ohio St.3d 359, 2002-Ohio-4932, ¶ 10, quoting *Warren Edn. Assn. v. Warren City Bd. of Edn.*, 18 Ohio St.3d 170, 173 (1985).

{¶ 15} R.C. 2711.10 provides that a court may vacate an award "upon the application of any party," for any of the following reasons: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption on the part of the arbitrators; (3) the arbitrators are guilty of misconduct in refusing to postpone the hearing, or refusing to hear pertinent and material evidence; or (4) the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. R.C. 2711.10 thus "limits judicial review of arbitration to claims of fraud, corruption, misconduct, an imperfect award, or that the arbitrator exceeded his authority." *Goodyear Tire & Rubber Co. v. Local Union No. 220*, 42 Ohio St.2d 516 (1975), paragraph two of the syllabus.

{¶ 16} R.C. 2711.11 states that, "upon the application of any party," a court may modify or correct an arbitration award for any of the following reasons: (1) there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property; (2) the arbitrators have awarded upon a matter not submitted to them; or (3) the award is imperfect in matter of form not

affecting the merits of the controversy. *See Robert W. Setterlin & Sons v. N. Mkt. Dev. Auth.*, 10th Dist. No. 99AP-141 (Dec. 30, 1999) (noting that the types "of errors in an arbitration award that warrant correction by a trial court are those that appear on the face of the award"). R.C. 2711.13 provides the procedure a party must follow to file a motion to vacate, modify, or correct an arbitration award.

{¶ 17} R.C. 2711.09 provides that when a party applies to the court for an order confirming an arbitration award, the court "shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code." "The language of R.C. 2711.09 is mandatory. If no motion to vacate or modify an award is filed, the court must confirm an arbitration award given a timely motion under R.C. 2711.09." *MBNA Am. Bank, N.A. v. Jones*, 10th Dist. No. 05AP-665, 2005-Ohio-6760, ¶ 14.

{¶ 18} "An appeal may be taken from an order confirming, modifying, correcting or vacating an award made in an arbitration proceeding or from a judgment entered upon an award." R.C. 2711.15. However, because "[a] trial court is precluded from evaluating the actual merits of an award and must confine itself to determining whether the appealing party has established that the award is defective in a manner recognized by R.C. Chapter 2711," on appeal, "the standard of review is further restricted." *MBNA Am. Bank, NA* at ¶ 10-11.

{¶ 19} "[W]hen a court of appeals reviews a trial court's judgment concerning an arbitration award, the appellate court must confine its review to evaluating the order issued by the trial court pursuant to R.C. Chapter 2711." *State* at ¶ 13. Thus, when "an appeal is taken from an order confirming, modifying, correcting, or vacating an arbitration award, the review is confined to the order and the original arbitration proceedings are not reviewable." *Robert W. Setterlin & Sons*, citing *Lockhart v. Am. Reserve Ins. Co.*, 2 Ohio App.3d 99, 101 (8th Dist.1981). *See also Warren Edn. Assn.* at 173-74, quoting *Lockhart* at 101. Our limited "review of the trial court's decision confirming arbitration is conducted under an abuse of discretion standard." *MBNA Am. Bank, NA* at ¶ 11.

{¶ 20} Thus, "[t]o preserve the speedy and effective enforcement of arbitration awards, courts have required parties to adhere to the procedures set forth in R.C. Chapter

2711." *GWF Corp. v. Hardman*, 10th Dist. No. 92AP-842 (Feb. 2, 1993). As such, if a party fails "to challenge the award by virtue of the statutorily prescribed methods for doing so," the party "waive[s] his arguments concerning" the arbitrator's award. *Id.*

{¶ 21} Appellant did not file a motion to vacate, modify or correct the arbitration award. Accordingly, by failing to challenge the arbitration award pursuant to the statutorily prescribed method for doing so, appellant has waived the arguments he now assigns as error.

{¶ 22} Appellant argues that the parties "expressly and specifically agreed either party could directly appeal the arbitrator's decision to the Tenth District Court of Appeals bypassing the appellate restrictions in R.C. 2711, et. seq." (Reply Brief at 1.) Appellant contends that, "[a]s a result of the parties' agreement modifying the arbitration agreement, and based on the Trial Court's approval of the parties' agreement, the Appellant was not required to 'challenge' the arbitration agreement as * * * required by R.C. § 2711.10 or R.C. § 2711.11." (Reply Brief at 2.) Appellant asserts that the parties' agreement to modify their arbitration agreement and permit the parties to bypass the requirements of R.C. Chapter 2711 is contained in paragraph two of the court's January 21, 2016 entry sustaining the joint motion for arbitration.

{¶ 23} In the entry, the court ordered that "all remaining Orders on the above entitled case shall be submitted to binding arbitration pursuant to the Arbitration Agreement which is attached to the Joint Motion." (Jan. 21, 2016 Entry at ¶ 1.) The court also "acknowledge[d] that the final disposition of the arbitration shall be adopted by the court and be the terms of the final Decree of Divorce and that each party reserves their right to appeal the decision to the Tenth District Court of Appeals." (Entry at ¶ 2.)

{¶ 24} A written contract may be modified or amended by the express agreement of the parties to it either in writing, or by acts of the parties which evince a meeting of their minds in agreement to modify its terms upon any particular point. *Bank One Trust Co. v. Wigner*, 10th Dist. No. 87AP-329 (June 9, 1988), citing *Hotchner v. Neon Prods., Inc.*, 163 F.2d 672 (6th Cir.1947). "A contract cannot be unilaterally modified, and parties to a contract must mutually consent to a modification." *Hanna v. Groom*, 10th Dist. No. 07AP-502, 2008-Ohio-765, ¶ 27. Courts presume that the intent of the parties to a contract resides in the language they chose to employ in the agreement. *Kelly v. Med. Life*

*Ins. Co.*, 31 Ohio St.3d 130 (1987), paragraph one of the syllabus. When the terms in a contract are unambiguous, courts will not in effect create a new contract by finding intent not expressed in the clear language employed by the parties. *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 246 (1978).

{¶ 25} In their arbitration agreement, the parties expressed a clear intention to proceed to binding arbitration pursuant to R.C. Chapter 2711. The arbitration agreement states that it is "derived from ORC Chapter 2711," that the parties' rights would be "as prescribed in Ohio Revised Code § 2711," and that "**[e]xcept as otherwise set forth in R.C. Sec. 2711.10, .11, and .13, upon completion of the arbitration hearing, the Arbitrators' determination shall be final, binding and conclusive on both parties**." (Emphasis sic.) (Arbitration Agreement at ¶ 1, 6 & 7(a).) The parties further stated that the proceedings before the arbitrator would "be considered the record of this divorce as it relates to any future proceedings including * * * full rights of appeal by either party from the Decree of Divorce." (Arbitration Agreement at ¶ 6.) As the parties agreed to proceed to final, binding, and conclusive arbitration pursuant to R.C. Chapter 2711, the parties' acknowledgment of their full rights of appeal from the decree of divorce was an acknowledgment of the appeal rights contained in R.C. 2711.15.

{¶ 26} Accordingly, we are unable to find that the court's statement in the January 21, 2016 entry, acknowledging that each party reserved their right to appeal the decree of divorce, evidenced a meeting of the minds to modify the arbitration agreement. R.C. 2711.15 provided each party with a statutory right to appeal from the court's judgment entered on the arbitration award. Accordingly, the court's acknowledgment in paragraph two of the entry that each party had reserved their right to appeal was an acknowledgement of the parties' right to appeal the judgment pursuant to R.C. 2711.15.

{¶ 27} Furthermore, the court ordered in paragraph one of the entry that the case would be "submitted to binding arbitration pursuant to the Arbitration Agreement." (Jan. 21, 2016 Entry.) Thus, rather than stating that the parties had modified their arbitration agreement, or that the case would be submitted to non-binding arbitration and proceed outside of R.C. Chapter 2711, the court reiterated that the case would be submitted to binding arbitration pursuant to the parties' arbitration agreement.

{¶ 28} " 'Ohio law recognizes that when parties agree to submit their disputes to binding arbitration, they have bargained for the arbitrator's determination concerning the issues submitted and agreed to accept the result regardless of its legal or factual accuracy.' " *Robert W. Setterlin & Sons*, quoting *Marra Constructors, Inc. v. Cleveland Metroparks Sys.*, 82 Ohio App.3d 557, 562 (8th Dist.1993). Although " '[t]hat result may seem inequitable, * * * any different result would destroy the integrity of binding arbitration. * * * If the parties could challenge an arbitration decision on the ground that the arbitrators erroneously decided legal or factual issues, no arbitration would be binding.' " *State ex rel. Internatl. Union of Operating Engs., Local No. 18 v. Simmons*, 58 Ohio St.3d 247, 248 (1991), quoting *Huffman v. Valleto*, 15 Ohio App.3d 61, 63 (8th Dist.1984).

{¶ 29} Accordingly, we find no evidence of a meeting of the minds to modify the parties' arbitration agreement. Because appellant failed to properly challenge the arbitration award in the trial court, we are unable to review appellant's assignments of error.

{¶ 30} Based on the foregoing, we overrule appellant's six assignments of error. Having overruled appellant's six assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

BRUNNER, J., concurs.
LUPER SCHUSTER, J., concurs in judgment only.

————————————