[Cite as *Reynolds v. M/I Homes of Cent. Ohio, L.L.C.*, 2025-Ohio-5818.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Stephen M. Reynolds et al.,          :

      Plaintiffs-Appellants,          :

                                   No. 25AP-345

v.          :          (C.P.C. No. 24CV-5595)

M/I Homes of Central Ohio, LLC,          :          (REGULAR CALENDAR)

      Defendant-Appellee.          :

---

D E C I S I O N

Rendered on December 30, 2025

---

**On brief:** *Stephen M. Reynolds*, pro se. **Argued:** *Stephen M. Reynolds*.

**On brief:** *Markesbery & Richardson Co., L.P.A.*, and *Barry A. Rudell, II*, for appellee. **Argued:** *Barry A. Rudell, II*.

---

APPEAL from the Franklin County Court of Common Pleas

BOGGS, J.

{¶ 1} Plaintiff-appellant, Stephen M. Reynolds, appeals the judgment of the Franklin County Court of Common Pleas (1) denying the motion that he and plaintiff Nicole Hamby filed to vacate an arbitration award, (2) granting the motion filed by defendant-appellee, M/I Homes of Central Ohio, L.L.C. ("M/I"), to confirm the arbitration award, and (3) granting M/I's motion for summary judgment on Reynolds and Hamby's complaint against M/I.[1] For the following reasons, we affirm the trial court's judgment.

---

[1] Reynolds appears here pro se and is the sole appellant. Hamby has not signed any filings in this appeal, and Reynolds, who is not an attorney, may not represent her. *See Sprouse v. Miller*, 2007-Ohio-4397, ¶ 4 (4th Dist.) ("only a licensed attorney may represent another party in a legal proceeding," and a pro se appellant "may not raise arguments" on another's behalf); *Hineman v. Brown*, 2003-Ohio-926, ¶ 2 (11th Dist.).

## I.  FACTS AND PROCEDURAL BACKGROUND

{¶ 2}    Reynolds and Hamby contracted with M/I for the construction of a home on October 1, 2021.  The purchase agreement contained an arbitration provision that required "any and all Disputes, including without limitation, Home Warranty Claims, shall be submitted to and resolved by binding arbitration."

{¶ 3}    On April 21, 2023, Reynolds and Hamby initiated arbitration proceedings against M/I with the American Arbitration Association ("AAA"), seeking redress for M/I's alleged unworkmanlike performance and alleged failure to correct its work, despite promises to do so.  Reynolds and Hamby alleged that, instead of correcting allegedly defective work listed on a New Home Orientation form and punch list, M/I simply stamped "VOID" on the punch list and refused to correct the work or to allow Reynolds and Hamby to hire third-party contractors to correct the work at M/I's expense.  They claimed the structural engineer they hired to inspect their home identified multiple areas that needed to be corrected, including but not limited to:

1. Defects in the tiles, grout, caulking, and structure of the hall bathroom, guest bathroom, and master bathroom;

2. Cracks and gaps between the windowsills and frames throughout the Home;

3. Cracks and gaps between the floor and fireplace in the family room;

4. Cracks and gaps between the kitchen countertops and walls;

5. Cracks and gaps between the kitchen cabinets and the walls such that the cabinets have begun to sag and are pulling away from the wall;

6. Cracks and gaps between the basement stairs and trim;

7. Failure to pressure wash the exterior of the Home pursuant to the contract resulting in construction dust and debris altering the color of the siding on the Home. Said siding must be replaced or repaired so that the color of the siding matches throughout;

8. Several areas of wooden flooring throughout the Home are buckling and pulling away from the subfloor;

9. Areas of wooden flooring were damaged after [M/I] attempted to repair other areas of the flooring; and,

10. Cracks in the poured foundation.

(Pl.'s Ex. 8, at 4.)  Reynolds and Hamby submitted to arbitration claims against M/I under the Ohio Home Construction Service Supplies Act, R.C. 4722.01, et seq., for breach of contract, violations of the Magnuson-Moss Warranty Act, breach of express warranty, negligence, and unjust enrichment.  They sought actual damages in excess of $53,838.80.

{¶ 4}  The arbitration proceeded under AAA case No. 01-23-0001-8401, and all parties were represented by counsel throughout the arbitration proceedings, which included an oral evidentiary hearing on April 10, 2024.  The arbitrator, counsel for the parties, and engineer Robert D'Angina viewed Reynolds and Hamby's home prior to the oral hearing.  Reynolds and Hamby presented testimony from Reynolds and D'Angina, and M/I presented testimony from its customer care manager, Pat Bridges.  The parties also introduced exhibits without objections.  These included the Purchase Contract between Reynolds, Hamby, and M/I, which contained the Home Warranty, a Customer Care Manual, a Home Maintenance Checklist, a New Home Orientation form dated July 6, 2022, and inspection reports drafted by Jonah Leary in January 2023 and D'Angina in December 2023.

{¶ 5}  On April 23, 2024, the arbitrator issued the Award of Arbitrator, in which he stated he had "duly heard all the proofs, documents, evidence, allegations and arguments of Claimants and Respondent" at the oral hearing.  (Pl.'s Ex. F, Apr. 23, 2024 Award of Arbitrator at 1.)  The arbitrator acknowledged Reynolds and Hamby's claims for (1) removal/replacement work in the bathrooms; (2) power washing/painting of the home's exterior; (3) installation of a roof drip edge; (4) caulk, crack, paint, cabinet, and countertop repair; (5) floor joist repair; (5) emotional distress; (6) treble damages under R.C. 1345.09; and (7) attorney fees and costs.  The arbitrator rejected all of Reynolds and Hamby's claims and demands and awarded no damages.  The arbitrator ordered that Reynolds and Hamby bear the AAA administrative fees and that the parties equally bear the arbitrator's compensation, and it ordered Reynolds and Hamby to reimburse M/I $800 for the portion of the administrative fees previously paid by M/I.  The award stated, "This Award is in full

settlement of all claims submitted to this arbitration. All claims not expressly granted herein are denied." *Id.* at 2.

{¶ 6} On July 28, 2024, Reynolds and Hamby filed in the trial court a motion to vacate the arbitration award pursuant to R.C. 2711.10, along with a complaint against M/I, alleging unworkmanlike construction of their home. In their motion to vacate the arbitration award, Reynolds and Hamby argued that the arbitrator exceeded his authority and issued an award that was "in manifest disregard of Ohio law and the HCSSA." (July 18, 2024 Mot. to Vacate at 12.) In their complaint, Reynolds and Hamby alleged that, shortly after moving into the home, they "discovered various construction defects, including, but not limited to, improperly installed tiles, grout, and caulking in the bathrooms; cracks between windowsills and frames, and buckling wooden floors." (July 18, 2024 Compl. at 2.) They further alleged that M/I has failed to correct the issues with their home and has refused to allow them to hire contractors to make the necessary repairs at M/I's expense. Reynolds and Hamby's complaint acknowledged the arbitration proceedings that had been conducted on their claims for redress for M/I's alleged breaches of contract and violations of statutes, including the HCSSA, and the arbitrator's denial of any award. Like their demand for arbitration, the complaint asserted claims against M/I for breach of contract, violation of the HCSSA, negligence, and unjust enrichment.

{¶ 7} M/I filed an answer to the complaint, in which it raised the doctrine of res judicata as a defense, and a combined application to confirm the arbitration award and memorandum in opposition to the motion to vacate. M/I subsequently filed a motion for summary judgment, arguing that the claims asserted in Reynolds and Hamby's complaint, which mirror the claims they asserted in arbitration, are barred by res judicata.

{¶ 8} On April 15, 2025, the trial court issued a decision and entry denying Reynolds and Hamby's motion to vacate the arbitration award, granting M/I's motion to confirm the arbitration award, and granting M/I's motion for summary judgment on the ground of res judicata. Acknowledging its narrow scope of review when reviewing an arbitration award, the court rejected Reynolds and Hamby's argument that the arbitrator exceeded his powers or so imperfectly executed those powers that a mutual, final, and definite award was not made upon the submitted matter. *See* R.C. 2711.10(D). The court found a rational nexus between the terms of the Purchase Agreement, which broadly

defined the arbitrator's powers, and the arbitration award. It further stated, "after reviewing the Purchase Agreement and Home Warranty contained in the Customer Care Manual, the Court finds that the Arbitrator was arguably construing or applying the contract and acting within the scope of his authority in awarding [Reynolds and Hamby] $0.00 for each alleged construction defect." (Apr. 15, 2025 Decision & Entry at 12.) The trial court stated it lacked authority to review the arbitrator's determination of legal and factual issues. *Id.*, citing *Southwest Ohio Regional Transit Auth. v. Amalgamated Transit Union, Local 627*, 2001-Ohio-294, ¶ 9-11.

{¶ 9} Reynolds filed a timely notice of appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 10} As set out in the argument section of his appellate brief, Reynolds raises the following assignments of error: (1) "The Trial Court Erred in Failing to Consider Pivotal Documents and Evidence," (2) "The Trial Court Erred in Focusing on the Quality of Work Dispute Rather Than the Agreed Contractual Obligations," (3) "The Trial Court Erred in Not Considering the Findings of a Third-Party Inspection," and (4) "The Trial Court Erred in Not Awarding Reimbursement for Legal Fees." (Appellant's Brief at 11-13.)

## III. DISCUSSION

### A. Proceedings to vacate or confirm an arbitration award

{¶ 11} "Ohio has a strong and well-established public policy favoring arbitration." *State v. Ohio Civ. Serv. Emps. Assn., Local 11 AFSCME AFL-CIO*, 2016-Ohio-5899, ¶ 12 (10th Dist.), citing *Schaefer v. Allstate Ins. Co.*, 63 Ohio St.3d 708, 711 (1992). "Arbitration occurs when disputing parties contractually agree to resolve their conflict by submitting it to a neutral third party for resolution. It provides the parties with a relatively speedy and inexpensive method of conflict resolution and has the additional advantage of unburdening crowded court dockets." *Mahoning Cty. Bd. of Mental Retardation & Dev. Disabilities v. Mahoning Cty. TMR Edn. Assn.*, 22 Ohio St.3d 80, 83 (1986). " '[I]t is the policy of the law to favor and encourage arbitration[,] and every reasonable intendment will be indulged to give effect to such proceedings and to favor the regularity and integrity of the arbitrator's acts.' " *Id.* at 84, quoting *Campbell v. Automatic Die & Prods. Co.*, 162 Ohio St. 321, 329 (1954).

{¶ 12} An arbitration award may be challenged in court only as authorized by R.C. Chapter 2711. *Dodge v. Dodge*, 2017-Ohio-7087, ¶ 14 (10th Dist.). "Once an arbitration is completed, a court has no jurisdiction except to confirm and enter judgment (R.C. 2711.09 and 2711.12), vacate (R.C. 2711.10 and 2711.13), modify (R.C. 2711.11 and 2711.13), correct (R.C. 2711.11 and 2711.13), or enforce the judgment (R.C. 2711.14)." *State ex rel. R.W. Sidley, Inc. v. Crawford*, 2003-Ohio-5101, ¶ 22. A trial court's jurisdiction to review an arbitration award is accordingly "narrow" and "limited." *Champion Chrysler v. Dimension Serv. Corp.*, 2018-Ohio-5248, ¶ 10 (10th Dist.), quoting *Warren Edn. Assn. v. Warren City Bd. of Edn.*, 18 Ohio St.3d 170, 173 (1985). As the Supreme Court of Ohio has long noted, the whole purpose of arbitration would be undermined if courts had broad authority to vacate an arbitrator's award. *Mahoning Cty. Bd. of Mental Retardation & Dev. Disabilities* at 83-84.

{¶ 13} " 'Courts . . . do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts.' " *Southwest Ohio Regional Transit Auth.* at ¶ 9, quoting *United Paperworkers Internatl. Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 37-38 (1987). To the contrary, " 'A trial court may not evaluate the actual merits of an [arbitration] award and must limit its review to determining whether the appealing party has established that the award is defective *within the confines of R.C. Chapter 2711.*' " (Emphasis added.) *Champion Chrysler* at ¶ 10, quoting *Telle v. Estate of William Soroka*, 2008-Ohio-4902, ¶ 9 (10th Dist.). " ' "[W]hen parties agree to submit their disputes to binding arbitration, they have bargained for the arbitrator's determination concerning the issues submitted and agreed to accept the result regardless of its legal or factual accuracy." ' " *Dodge* at ¶ 28, quoting *Robert W. Setterlin & Sons v. N. Market Dev. Auth., Inc*, 1999 Ohio App. LEXIS 6468 *4 (10th Dist. Dec. 30, 1999), quoting *Marra Constructors, Inc. v. Cleveland Metroparks Sys.*, 82 Ohio App.3d 557, 562 (8th Dist. 1993).

{¶ 14} In reviewing a motion to vacate an arbitration award, the common pleas court is bound by R.C. 2711.10, which states:

> In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
>
> (A) The award was procured by corruption, fraud, or undue means.

> (B) There was evident partiality or corruption on the part of the arbitrators, or any of them.
>
> (C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
>
> (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Thus, R.C. 2711.10 "limits judicial review of arbitration to claims of fraud, corruption, misconduct, an imperfect award, or that the arbitrator exceeded his authority." *Goodyear Tire & Rubber Co. v. Local Union No. 200, United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 42 Ohio St.2d 516 (1975), paragraph two of the syllabus. "Arbitration awards are presumed valid, and a reviewing court may not merely substitute its judgment for that of the arbitrator." *Dodge* at ¶ 28.

{¶ 15} Reynolds and Hamby moved the trial court to vacate the arbitration award pursuant to R.C. 2711.10(D), on the basis that the arbitrator exceeded his powers or so imperfectly executed them as to not make a mutual, final, and definite award upon the submitted matter. More specifically, they argued that the arbitrator exceeded his powers by disregarding binding case law, statutory provisions in the HCSSA, and evidence of M/I's alleged breaches of duties. The trial court disagreed.

### B. Standard of review

{¶ 16} An appellate court's review of a trial court's judgment confirming, modifying, correcting, or vacating an arbitration award " 'is confined to the [trial court's] order,' " pursuant to R.C. Chapter 2711. *Warren Edn. Assn.* at 174, quoting *Lockhart v. Am. Reserve Ins. Co.*, 2 Ohio App.3d 99, 101 (8th Dist. 1981). " 'The original arbitration proceedings are not reviewable.' " *Id.* "When reviewing a trial court's decision to confirm, modify, vacate, or correct an arbitration award, appellate courts are to accept findings of fact that are not clearly erroneous but decide questions of law de novo." *Portage Cty. Bd. of Dev. Disabilities v. Portage Cty. Educators' Assn. for Dev. Disabilities*, 2018-Ohio-1590, ¶ 23. Whether an arbitrator has exceeded his authority is a question of law. *Id.* at ¶ 25, citing *Green v. Ameritech Corp.*, 200 F.3d 967, 974 (6th Cir. 2000).

**C. Reynolds's assignments of error lack merit**

{¶ 17} Because Reynolds's first and third assignments of error assert that the trial court erred by failing to consider certain evidence, we will address them together. In the first assignment of error, Reynolds argues the trial court failed to consider the New Home Orientation, which included a punch list of items for M/I to correct, including redoing the silicone in all the bathrooms. In his third assignment of error, Reynolds contends the trial court failed to consider the inspection report dated January 12, 2023. These assignments of error reveal a misunderstanding of the limited scope of both the trial court and this court's review.

{¶ 18} R.C. 2711.10 authorizes vacation of an arbitration award based on *the arbitrator's* failure to consider all relevant evidence, but only if that failure prejudiced the rights of a party to the arbitration proceeding. *State v. Ohio Civ. Serv. Empls. Assn. Local 11, AFSCME, AFL-CIO*, 1992 Ohio App. LEXIS 3053, *7-8 (10th Dist. June 9, 1992), citing *Hoteles Condado Beach, La Concha & Convention Ctr. v. Union de Tronquistas Local 901*, 763 F.2d 34, 40 (1st Cir. 1985). However, both the New Home Orientation form and the January 2023 inspection report were admitted in the arbitration proceedings, and the arbitrator stated that, in rendering his award, he "heard all proofs, documents, evidence, allegations and arguments" made by the parties at the oral hearing. (Award of Arbitrator at 1.) The trial court was required to indulge " 'every reasonable intendment . . . to give effect to [the arbitration] and to favor the regularity and integrity of the arbitrator's acts.' " *Mahoning Cty. Bd. of Mental Retardation & Dev. Disabilities*, at 84, quoting *Campbell*, at 329. Although Reynolds vehemently disagrees with the arbitrator's weighing of the evidence, he has identified no basis for concluding that the arbitrator failed to consider the evidence admitted during the arbitration proceedings.

{¶ 19} By his argument as stated in his first and third assignments of error that the *trial court* failed to consider the evidence, Reynolds essentially argues that the trial court should have reweighed the evidence and substituted its judgment for the arbitrator's, to conclude that M/I breached its duties under the Purchase Agreement, the Home Warranty, and the law, thereby entitling Reynolds and Hamby to damages. As stated above, however, "[a] trial court may not evaluate the actual merits of an [arbitration] award and must limit its review to determining whether the appealing party has established that the award is

defective within the confines of R.C. Chapter 2711." *Telle*, at ¶ 9. A trial court may not vacate an arbitration award simply because it disagrees with the arbitrator's findings of fact or with the arbitrator's interpretation of the parties' contract. *Goodyear Tire & Rubber Co.* at 520. Parties who agree to arbitrate their disputes have agreed to accept the arbitrator's determination concerning the issues submitted, regardless of its legal or factual accuracy. *Dodge,* 2017-Ohio-7087, at ¶ 28.

{¶ 20} For these reasons, we overrule Reynolds's first and third assignments of error.

{¶ 21} In his second assignment of error, Reynolds faults the trial court for focusing on the "quality of work dispute" rather than on the parties' contractual obligations. (Capitalization removed.) (Appellant's Brief at 12.) Particularly, he states, "The contract was to redo silicone in all bathrooms, not merely perform superficial touch-ups." *Id.*

{¶ 22} App.R. 16(A)(7) requires an appellant's brief to contain "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." A court may disregard an assignment of error if the appellant does not separately argue it in his brief, as required by App.R. 16(A)(7). App.R. 12(A)(2). *See Williams v. Ohio Dept. of Rehab. & Corr.*, 2025-Ohio-1474, ¶ 16 (10th Dist.). Reynolds cites neither legal authority nor facts from the record in support of his second assignment of error, nor does he offer any cogent argument in support of that assignment of error. Based on Reynolds's failure to comply with App.R. 16(A)(7), we overrule his second assignment of error.

{¶ 23} Reynolds's fourth assignment of error, in which he asserts that the trial court erred by not awarding reimbursement for legal fees, is likewise deficient under App.R. 16(A)(7). Reynolds offers no legal argument in support of this assignment of error; he simply states that he is entitled to such reimbursement "[g]iven [M/I's] breach of contract and failure to fulfill agreed obligations." (Appellant's Brief at 14.) Due to his lack of argument and failure to comply with App.R. 16(A)(7), we overrule Reynolds's fourth assignment of error.

### D. The arbitrator did not exceed his authority

{¶ 24} Having overruled each of Reynolds's assignments of error, we nevertheless consider the trial court's legal conclusion that the arbitrator did not exceed his authority, and, on that question, we agree with the trial court. The language of the parties' agreement determines the parameters of the arbitrator's authority. *Fraternal Order of Police Capital City Lodge No. 9 v. Columbus*, 2022-Ohio-4102, ¶ 4 (10th Dist.). "An arbitrator exceeds his or her authority in rendering an award if the award does not draw its essence from the . . . agreement." *Fraternal Order of Police Capital City Lodge No. 9 v. Reynoldsburg*, 2013-Ohio-1057, ¶ 23 (10th Dist.), citing *Queen City Lodge No. 69, Fraternal Order of Police, Hamilton Cty., Ohio, Inc. v. Cincinnati*, 63 Ohio St.3d 403, 406 (1992). An arbitrator's award draws its essence from the parties' agreement where " 'there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious or unlawful.' " *Fresh Eggs Mgr., LLC v. Ohio Fresh Eggs*, 2013-Ohio-3454, ¶ 17 (10th Dist.), quoting *Mahoning Cty. Bd. of Mental Retardation*, at paragraph one of the syllabus. On the other hand, an arbitration award departs from the essence of the parties' agreement when it conflicts with the express terms of the agreement, and/or is without rational support or cannot be rationally derived from the terms of the agreement. *Id.*, citing *Ohio Office of Collective Bargaining v. Ohio Civ. Serv. Emp. Assn., Local 11, AFSCME, AFL-CIO*, 59 Ohio St.3d 177, 179 (1991).

{¶ 25} Here, the arbitrator's authority arose from Section 11(d) of the Purchase Agreement, which states, in pertinent part:

> d. . . . Purchaser and M/I agree that any and all Disputes, including, without limitation, Home Warranty Claims, shall be submitted to and resolved by binding arbitration, and not to or by a court of law . . .
>
> A. Home Warranty Claims Only – PWC or AAA. . . . If the arbitration is administered by AAA, the arbitration shall be conducted in accordance with the provisions herein and the AAA's Construction Industry Arbitration Rules and Mediation Procedures ("Arbitration Rules"); provided, however, with respect to such claims the Home Warranty is the sole governing document for purposes of determining if the claim is covered by the Home Warranty. . . .
>
> iii. Arbitration Rules. If there is any inconsistency between the applicable arbitration service's rules

and the terms set forth in this Agreement, then the terms set forth in this Agreement shall control and govern.

iv. Governing Law. . . . [W]ith respect to substantive law, Ohio law shall govern and control . . .

vi. Award/No Appeal. . . . The arbitration award or decision is final and binding and not subject to appeal except as otherwise explicitly provided in the Federal Arbitration Act or if . . . the Federal Arbitration Act is not applicable, then as provided in the Ohio Arbitration Act. . . . The award may be confirmed, entered and enforced as a judgment in a court of competent jurisdiction, subject only to the Federal Arbitration Act or the Ohio Arbitration Act, if applicable.

(Def.'s Ex. 3 at 4-5.)  The Purchase Agreement expressly incorporated the Home Warranty.

{¶ 26} The parties broadly agreed to submit to binding arbitration "any and all [d]isputes, including, without limitation, Home Warranty Claims," and that agreement placed Reynolds and Hamby's claims for construction defects, breaches of the Purchase Agreement and Home Warranty, and violations of the HCSSA squarely within the arbitrator's authority. *Id.* at 5.  Further, the parties agreed that the arbitrator's award would be "final and binding and . . . not . . . subject to appeal," except as provided in the Federal Arbitration Act and/or the Ohio Arbitration Act.  *Id.*

{¶ 27} Section 10(a) of the Purchase Agreement expressly incorporates M/I's Home Warranty, which states "the only standards of construction performance that M/I is obligated to meet." *Id.* at 3.  Those standards were set out in the Customer Care Manual, which is itself incorporated into the Home Warranty and the Purchase Agreement.  Section 10(a) of the Purchase Agreement further states, "the Home Warranty will control and govern any construction defect" and that, "with respect to any actual or alleged construction defect[,] Purchaser's only rights and remedies and M/I's only liability whether in contract, in tort, under any warranty, or otherwise, is limited to the remedy provided in the Home Warranty." *Id.*

{¶ 28} Upon review of the Arbitrator's Award, including the statement that the arbitrator had "duly heard all the proofs, documents, evidence, allegations, and arguments" presented at the oral hearing and that all claims not expressly granted "are denied," we agree with the trial court that the arbitrator construed and applied the Purchase Agreement when he denied recovery on Reynolds and Hamby's claims, that the arbitrator's award drew

its essence from the parties' agreement, and that the arbitrator did not exceed his authority in issuing his award.

## IV. CONCLUSION

{¶ 29} Having overruled each of Reynolds's assignments of error and concluded that the arbitrator did not exceed his authority, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

MENTEL and EDELSTEIN, JJ., concur.