[Cite as *Shechter v. Dubick*, 2026-Ohio-1556.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

BARAK SHECHTER,                          :

    Plaintiff-Appellee,              :

                                      Nos. 115412 and 115413

    v.                                       :

LAUREN DUBICK,                           :

    Defendant-Appellant.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 30, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-25-403754

---

### *Appearances:*

Taft Stettinius & Hollister LLP, Jill Friedman Helfman,
Daniel H. Bryan, and Kathryn E. Meloni, *for appellee.*

Thurman Baron, LLC, Adam J. Thurman, and Erik B.
Quattro, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Lauren Dubick appeals the confirmation of an arbitration award,

resulting in the issuance of a final decree of divorce under R.C. 2711.12 (judgment

to be entered in conformity with the arbitration award). For the following reasons, we affirm.

{¶ 2} According to the parties, Dubick filed for divorce in August 2022. In an ironically named document, the Cooperative Participation Agreement ("Cooperative Agreement"), Dubick agreed to submit their dispute to mediation and then, if necessary, binding arbitration before James Loeb. In the Cooperative Agreement, the parties expressly acknowledged that R.C. Ch. 2711 controlled the proceeding and, in addition, "[b]y signing this Agreement, each of us acknowledges that he/she has been informed of his or her rights in litigation, has voluntarily waived his or her rights to litigate, and, instead, substitutes binding arbitration as the mechanism by which disputes will be resolved[.]" The trial, then set, was cancelled based on the court's referral to the private mediation and arbitration. The divorce action was stayed under R.C. 2711.02(B). Any notion of cooperation was short-lived.

{¶ 3} Several months after executing the document, Dubick retained attorney Vincent Stafford as her trial counsel after her original attorneys withdrew, the first of four substitutions. The arbitration proceeding was initially derailed by Dubick based on Stafford's claimed relationship with Loeb. The trial court reinstated the divorce proceeding, and a new trial was set. That trial was cancelled, however, based on the Cooperative Agreement being enforced after Dubick retained new counsel. Dubick filed several motions continuing to challenge the ongoing arbitration and refused to participate in the proceeding.

{¶ 4} After the arbitration proceeding commenced, a fact that Dubick leaves out of her appellate briefing, Dubick filed a notice of voluntary dismissal under Civ.R. 41(A)(1)(a) in the then stayed divorce action.[1] She believed, and still argues, that the dismissal of the divorce action obviated the ongoing arbitration. *But see Wienclaw v. Mayridge Podiatry Assocs.*, 1995 Ohio App. LEXIS 869, *8 (8th Dist.), citing R.C. 2711.04 (The "application for appointment of an arbitrator need not be coupled with an underlying action," and the fact that the underlying case had been dismissed is not relevant to the trial court's jurisdiction invoked under R.C. Ch. 2711.). According to Dubick, her counsel appeared at the arbitration but was unable to participate based on Dubick's directive. The arbitration resulted in the parties' divorce, a distribution of the couple's assets, and an award of attorney fees to Shechter based on Dubick's dilatory conduct — as detailed in the arbitration award and through the trial court's previous journal entries in the dismissed proceeding.

{¶ 5} Because Dubick had dismissed the earlier divorce proceeding, Shechter filed a separate application to confirm the arbitration award under R.C. 2711.09 as a new case in the domestic relations court, a division in the court of common pleas.

---

[1] Dubick claims in this appeal that the arbitration began on January 6, 2025, after she filed a notice of dismissal in the divorce action. According to the written arbitration award, the proceeding commenced in December 2024, with several "pretrials" to resolve procedural issues having occurred even before then. Even if we presumed it to be relevant, there is no support in the record for Dubick's statement that the arbitration proceeding first commenced after she filed her notice of dismissal.

{¶ 6} Dubick filed a motion to dismiss the application based on a jurisdictional question, which was denied. The arbitration award was confirmed and a decree of divorce entered under R.C. 2711.12. This appeal followed in which Dubick advances several assignments of error claiming that the order confirming the arbitration award is in error because (1) the domestic relations court lacks subject-matter jurisdiction to grant a divorce after the original action for divorce had been dismissed and Shechter was not a resident of Ohio for the purposes of refiling; (2) the arbitration agreement was dissolved through dismissal of the earlier divorce action or through the arbitrator's initial withdrawal based on the potential conflict created by Dubick's retaining new counsel; (3) Shechter failed to compel the arbitration proceeding; (4) the arbitrator exceeded his authority.

{¶ 7} Only the first of those arguments can be addressed in light of the procedural posture of this case — the argument regarding the domestic relations court's jurisdiction over the application to confirm the arbitration award under R.C. 2711.09. All of the remaining arguments pertain to the merits of the arbitration award itself, which was confirmed by the trial court under R.C. 2711.09 because no motion to vacate, modify, or otherwise change the award had been filed by Dubick. Instead of availing herself of the procedural mechanisms to challenge the award, Dubick filed a motion to dismiss under Civ.R. 12(B)(1) and (6). In that motion, Dubick claimed the domestic relations court lacked jurisdiction to confirm the award and Shechter failed to "compel" arbitration under R.C. 2711.03. Dubick's

argument demonstrates an inherent misunderstanding of arbitration proceedings under R.C. Ch. 2711.

{¶ 8} A divorce proceeding may be resolved through binding arbitration. The domestic relations court may refer a case or a designated issue to arbitration at the request of all parties. *Kelm v. Kelm*, 68 Ohio St.3d 26 (1993), paragraph one of the syllabus. No order to compel that arbitration under R.C. 2711.03 is required because the arbitration is jointly requested. "Once an arbitration is completed, a court has no jurisdiction except to confirm and enter judgment (R.C. 2711.09 and 2711.12), vacate (R.C. 2711.10 and 2711.13), modify (R.C. 2711.11 and 2711.13), correct (R.C. 2711.11 and 2711.13), or enforce the judgment (R.C. 2711.14)." *State ex rel. R.W. Sidley, Inc. v. Crawford*, 2003-Ohio-5101, ¶ 22. Under R.C. 2711.09, the application seeking to confirm an arbitration award shall be granted, and a judgment entered thereon, unless the arbitration award is "vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code." Thus, in order to challenge the arbitration award, a party must file a motion to vacate, modify, or correct the award as established under R.C. 2711.10 through 2711.13. Any such motion is required to be filed within three months of the arbitration award.

{¶ 9} In this case, Dubick did not file a motion to vacate, modify, or otherwise challenge the validity of the arbitration award. After Shechter filed his application to confirm the arbitration award under R.C. 2711.09, Dubick filed a motion to dismiss it, claiming that Shechter does not live in Ohio and therefore could not file the application to confirm in Cuyahoga County, the forum designated in the

Cooperative Agreement. *See* R.C. 2711.16 (establishing that jurisdiction to confirm arbitration awards is in "the court of common pleas" as designated by the parties, which is an irrevocable designation). According to Dubick, any complaint for divorce must be filed by an Ohio resident of at least six months.

{¶ 10} There is no dispute as to that proposition of law. R.C. 3105.03 provides that "[t]he plaintiff *in actions for divorce and annulment* shall have been a resident of the state at least six months immediately before filing the *complaint*." (Emphasis added.) *Id.* It thus has been concluded that R.C. 3105.03 is "clear: in order *to file for divorce* in Ohio, the plaintiff must have been an Ohio resident for six months immediately before the filing of the *complaint*." (Emphasis added.) *Barth v. Barth*, 2007-Ohio-973, ¶ 11. Dubick's argument continues that because the decree of divorce was entered on the confirmation of the arbitration award, which granted the parties a divorce and distributed their assets, the original filing triggering the domestic relations court's jurisdiction must have been a complaint for divorce. This argument ignores R.C. Ch. 2711 in its entirety and, therefore, is misplaced.

{¶ 11} Shechter did not file a complaint initiating an action for divorce. He filed an application to confirm an arbitration award expressly authorized by, and establishing the court's subject-matter jurisdiction under, R.C. 2711.09. "[A] court of common pleas' ability to confirm, modify, or vacate an arbitration award is a special statutory proceeding." *Ohio Patrolmen's Benevolent Assn. v. Cleveland*, 2024-Ohio-2651, ¶ 16, citing *Corrado v. Lowe*, 2015-Ohio-1993, ¶ 23 (11th Dist.),

*Brookdale Senior Living v. Johnson-Wylie*, 2011-Ohio-1243, ¶ 7 (8th Dist.), and

*MBNA Am. Bank, N.A. v. Anthony*, 2006-Ohio-2032, ¶ 12 (5th Dist.). Importantly,

the application to confirm an arbitration award, even if filed in a separate action, is

not a complaint, or even a pleading for that matter. Under R.C. 2711.05, "any

application to the court of common pleas under sections 2711.01 to 2711.15,

inclusive, of the Revised Code, shall be made and heard in the manner provided by

law for the making and hearing of motions, except as otherwise expressly provided

in such sections." Motions are not pleadings. *Ohio Patrolmen's Benevolent Assn.*

at ¶ 24. "When a party that seeks to dispute or confirm an arbitration award files an

application with a court of common pleas, it must do so by motion as statutorily

required." *Id.* at ¶ 57 (Kennedy, C.J., concurring in part and dissenting in part); *see*

*also id.* at ¶ 22. Thus, the application to confirm the arbitration award is

commenced (when no active case exists) and disposed of in the manner of a motion

(regardless of how commenced), not a complaint initiating an action for divorce as

between the parties.

{¶ 12} R.C. 2711.09 provides that "[a]t any time within one year after an

award in an arbitration proceeding is made, any party to the arbitration may apply

to the court of common pleas for an order confirming the award." Any court of

common pleas, including any court in the domestic relations division, has

jurisdiction to confirm an arbitration award. *See* R.C. 3105.01; R.C. 3105.011 (both

of which refer to the domestic relations division as "the court of common pleas,"

demonstrating the applicability of R.C. 2711.09 to the domestic relations division of

the court of common pleas). An application to confirm an arbitration award under R.C. 2711.09 is not a complaint for divorce. *Ohio Patrolmen's Benevolent Assn.* at ¶ 57 (Kennedy, C.J., concurring in part and dissenting in part). It was the filing of the application under R.C. 2711.09 that triggered the domestic relations court's jurisdiction, not the filing of a complaint for divorce under R.C. 3105.03.

{¶ 13} Dubick has not demonstrated that R.C. 3105.03 applies to an application to confirm an arbitration award. On the contrary, "'[t]he legislature has expressly provided that "the court of common pleas including divisions of courts of domestic relations has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters."'" *Seelbaugh v. Montgomery Cty. Court of Common Pleas*, 2025-Ohio-5297, ¶ 15, quoting *State ex rel. Gray v. Kimbler*, 2022-Ohio-3937, ¶ 14, and R.C. 3105.011(A). This includes the court's authority to recognize and confirm arbitration awards. *Kelm*, 68 Ohio St.3d 26 at paragraph one of the syllabus; R.C. 2711.09. The domestic relations court had jurisdiction to confirm the arbitration award as authorized under R.C. 2711.09.[2]

---

[2] Dubick cites *Discover Bank v. Passmore*, 2016-Ohio-3121, ¶ 15 (11th Dist.), and *Rough Bros., Inc. v. Bichel*, 2011-Ohio-2005, ¶ 19 (1st Dist.), for the proposition that "when a court lacks jurisdiction over the underlying dispute, it likewise lacks jurisdiction to confirm an arbitration award arising from that dispute." Neither of those cases is relevant. Instead, both cases merely observe that federal courts are courts of limited jurisdiction and cannot act unless their constitutional prerequisites are met. That proposition of law has no bearing on state law pertaining to confirmation of arbitration awards under R.C. 2711.09 (granting all common pleas courts jurisdiction to confirm arbitration awards). Dubick's reliance on those cases for her stated proposition of law is, at best, disingenuous given the clarity with which the panels in *Passmore* and *Bichel* articulated the federal limitations that do not apply to state trial courts.

Following the confirmation of the award in the jurisdiction of the parties' choosing under R.C. 2711.16, the trial court was required to "enter judgment in conformity therewith." R.C. 2711.12.

{¶ 14} The domestic relations court's order confirming and entering the final decree of divorce in conformity with the arbitration award was required by statute based on the domestic relations court's jurisdiction to confirm the arbitration award. Dubick's arguments to the contrary are overruled.

{¶ 15} As to the merits of the remaining arguments presented challenging the arbitration proceeding and award, Dubick's arguments are misplaced. Without a motion to modify, vacate, or otherwise *change* the arbitration award, the domestic relations court's jurisdiction is limited to confirming the award under R.C. 2711.09. *See Dodge v. Dodge*, 2017-Ohio-7087, ¶ 20 (10th Dist.). "[I]f a party fails 'to challenge the award by virtue of the statutorily prescribed methods for doing so,' the party 'waive[s] his arguments concerning' the arbitrator's award." *Id.*, quoting *GWF Corp. v. Hardman*, 1993 Ohio App. LEXIS 638 (10th Dist. Feb. 2, 1993); *see also Brookdale Senior Living*, 2011-Ohio-1243 at ¶ 8. "Stated otherwise, 'the trial court should grant a request to confirm an arbitration award as long as no party has filed a timely request to vacate or modify the award.'" *Nemec v. Morledge*, 2025-Ohio-4752, ¶ 39 (8th Dist.), quoting *FOP v. Athens*, 2001 Ohio App. LEXIS 5166, *6 (8th Dist. Nov. 14, 2001), and R.C. 2711.09. Because Dubick waived any challenges to the arbitration award and has not demonstrated the applicability of R.C. 3105.03 to an application to confirm an arbitration award, the domestic relations court had no

jurisdiction but to confirm the arbitration award and then enter judgment in conformity with that award under R.C. 2711.12. Inasmuch as Dubick claims otherwise, those arguments are overruled.

{¶ 16} We would be remiss to outright ignore Dubick's conduct throughout the proceedings.[3] According to her own recitation of facts, she initiated a divorce proceeding in Cuyahoga County and agreed to arbitrate unresolved issues with the distribution of assets and the parties' divorce, expressly agreeing that the Cooperative Agreement would remain in "full force and effect" until final resolution of the divorce or reconciliation. Notwithstanding her clear and unambiguous agreement, she spent the remainder of her time frustrating that process instead of availing herself of the procedural mechanisms under R.C. Ch. 2711 to challenge the arbitration proceeding if problems arose. In particular, her repeated reference to dismissing the divorce action with the stated intent of invalidating the arbitration proceeding, to which she expressly agreed to participate, is a remarkable concession of bad faith. Importantly, Dubick does not concern herself with the validity of the contract she executed, the actual distribution of assets that resulted from the arbitration, or the impartiality or neutrality of the arbitrator that could have been challenged through the available procedural mechanisms under R.C. 2711.10(A)-(C), if that was even an issue. Instead, she solely focuses on her perception of procedural irregularities that are in large part caused by her conduct in attempting

---

[3] According to the domestic relations court's docket in DR-22-389903, Dubick maintains a license to practice law in Ohio.

to avoid the consequences of her voluntarily entered agreement. Our references to the procedural history should not be construed as condoning this behavior.

{¶ 17} The confirmation of the arbitration award and the resulting final decree of divorce are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

EMANUELLA D. GROVES, P.J., and
MARY J. BOYLE, J., CONCUR