[Cite as *Cleveland v. Cleveland Police Patrolmen's Assn.*, 2012-Ohio-5746.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 98259

---

## CITY OF CLEVELAND

PLAINTIFF-APPELLANT

vs.

## CLEVELAND POLICE PATROLMEN'S ASSOCIATION

DEFENDANT-APPELLEE

---

JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-742310

**BEFORE:**   Stewart, P.J., Celebrezze, J., and Sweeney, J.

**RELEASED AND JOURNALIZED:**   December 6, 2012

**ATTORNEYS FOR APPELLANT**

Barbara A. Langhenry
Cleveland Interim Law Director

BY:   William M. Menzalora
        Alejandro V. Cortes
Assistant Law Directors
601 Lakeside Avenue, Room 106
Cleveland, OH   44114

**ATTORNEYS FOR APPELLEE**

Patrick A. D'Angelo
Patrick A. D'Angelo, LLC
2000 Standard Building
1370 Ontario Street
Cleveland, OH   44113

R. Brian Moriarty
R. Brian Moriarty, L.L.C.
2000 Standard Building
1370 Ontario Street
Cleveland, OH   44113

MELODY J. STEWART, P.J.:

{¶1} Appellant city of Cleveland appeals from a court order that confirmed an arbitration award in favor of appellees Cleveland Police Patrolmen's Association and city of Cleveland Police Officer Patrick Brown. The award found that the city violated the terms of the union's contract by refusing to provide Brown with legal representation in a Section 1983 action in federal court. The city argues that the court should not have confirmed the arbitration award because the arbitrator committed an error of law by refusing to give preclusive effect to a judgment rendered by the federal court in the Section 1983 action. That judgment, the city argues, invoked the terms of a stated exception in the legal representation section of the collective bargaining agreement and thus vindicated the city's refusal to provide Brown with legal representation.

I

{¶2} The litigation giving rise to Brown's demand that the city represent him centered on a Section 1983 action that named both the city and Brown as defendants. The plaintiff in that action, Frank Angelone, alleged that the off-duty Brown assaulted him during an altercation that occurred

outside of the Cleveland Police Department's territorial jurisdiction. That altercation occurred after Brown, incensed by the antics of the driver of a vehicle that Angelone occupied, followed the vehicle in his personal car, culminating with Brown confronting and assaulting Angelone outside a bar. Angelone alleged that the city demonstrated a deliberate indifference to the rights of its citizens by failing to provide Brown with proper training; by failing to remedy a clear pattern of excessive violence on Brown's part; and failing to correct, discipline, or terminate Brown.

{¶3} Brown demanded that the city provide him with legal representation under a collective bargaining agreement provision requiring the city to assume the litigation costs and provide indemnity for any civil action "arising out of any alleged act * * * while the officer was acting within the course and scope of his duties as an officer * * *." The city refused Brown's demand, claiming that it was relieved of the duty to provide legal representation and indemnification because the city's law director had good cause to believe that Brown's actions were manifestly outside the course and scope of employment. Brown then filed the grievance that is the subject of this appeal.

{¶4} As the grievance was pending, the Section 1983 claim was removed to the United States District Court for the Northern District of Ohio.

The city sought summary judgment in federal court on grounds that there was no evidence that Brown acted under color of state law — an essential element of a prima facie Section 1983 claim. *See* 42 U.S.C. 1983; *Cooperman v. Univ. Surgical Assoc., Inc.*, 32 Ohio St.3d 191, 199, 513 N.E.2d 288 (1987). The city offered evidence showing that Brown was off-duty at the time of the altercation; he was driving his personal vehicle and had been consuming alcohol; he did not flash his badge and only identified himself as a police officer immediately before the altercation; he did not report the incident to his supervisors nor request payment for his activities; and he violated general police orders relating to the conduct of off-duty officers.

{¶5} Brown appeared in the federal court action but, as stated by the arbitrator, did "little to nothing" in his own defense.

{¶6} The facts before the district court showed that the off-duty Brown had been drinking in three different establishments between 4 p.m. and 10:30 p.m. He was on his way to another bar but was stopped at a railroad crossing. Angelone was a passenger in a Ford Bronco stopped at the same railroad crossing. The driver of the Bronco was spinning its tires to create a cloud of smoke. When the railroad crossing opened, the Bronco drove away, making quick lane changes.

{¶7} Brown did not chase the Bronco, but soon saw it stopped at a red light. The driver of the Bronco again started to smoke the tires. Brown called three different friends in the Cleveland Police Department, eventually asking for a license check run on the vehicle. The Bronco was not reported as stolen. At that point, Brown decided to follow the vehicle and started flashing his high beam lights at it.

{¶8} The Bronco pulled into the parking lot of a bar. Brown parked behind the Bronco. He saw the driver and Angelone exit the Bronco and decided to confront Angelone, running after him and yelling "Cleveland Police." Brown did not show his badge. He blocked the entrance to the bar, so Angelone tried to push him out of the way. Brown told Angelone, "that's an assault on a police officer." Angelone again tried to push Brown away, at which point Brown grabbed Angelone and slammed him to the ground. Angelone's face struck the ground, leaving him in a "a pool of blood with a bloody, swollen face." Brown entered the bar and asked the patrons to call the local police. Angelone required hospitalization.

{¶9} The district court granted the city's motion for summary judgment, agreeing with the city that "consideration of all the evidence shows that [Brown] was not acting under the color of law" because "he was not acting as a police officer, but merely engaging in a purely private act." In a

memorandum opinion, the court found that Brown never showed his badge and "appeared more to be engaged in a personal pursuit rather than in the exercise of official authority." To bolster its conclusion that Brown was not acting as a police officer, the district court noted that Brown did not make an arrest (he was admittedly outside the territorial jurisdiction of the Cleveland Police Department) and instead asked the patrons of the bar to call the local police department. Even though Brown claimed to have identified himself as a police officer several times before throwing Angelone to the ground, the court found that fact did not lead to the conclusion that Brown was acting under color of law — at best he had witnessed a traffic infraction and he had no authority to make any arrest. The court decided that Brown acted "more consistent with a civilian case of 'road rage'" rather than as a police officer executing his official duties. With the federal jurisdictional claims denied, the district court remanded the case to the court of common pleas.

## II

{¶10} Brown's grievance was denied at all internal stages, leading to arbitration as provided by the collective bargaining agreement between the union and the city.

{¶11} Apart from an issue of arbitrability that is not raised in this appeal, the arbitration centered on the effect of the district court's summary

judgment on Angelone's Section 1983 claim. The city argued that the district court's determination that Brown had not acted under the color of law when he injured Angelone was res judicata on the issue of whether the city properly denied Brown's demand for representation — the collective bargaining agreement allows the city to deny legal representation if a police officer was not acting under color of law, and the district court made that finding as a matter of law when granting the city's motion for summary judgment.

{¶12} The union argued that Brown's actions were not manifestly outside the course and scope of his duties, so the city wrongly rejected his demand for legal representation. It further argued that the district court's summary judgment was unpersuasive because Brown did not oppose it and his interests were not considered.

{¶13} The arbitrator found no relevant authority addressing the contours of a police officer's course and scope of duties, so he turned to workers' compensation cases. Citing *Smith v. Cleveland*, 8th Dist. No. 78889, 2001 Ohio App. LEXIS 5516 (Dec. 13, 2001), the arbitrator determined that a police officer acts within the course and scope of his duties "if his actions are consistent with and logically related to his employment and his obligation as a peace officer." The arbitrator then determined that Brown was acting within the course and scope of his employment as a police officer

in the events leading to the altercation with Angelone, although acknowledging that Brown made a number of errors of judgment along the way. Regarding the district court's opinion that Brown was not acting under "color of law" but "more consistent with a civilian case of 'road rage,'" the arbitrator decided:

> This statement is not an affirmative finding that [Brown] was actually guilty of having road rage — it is merely an opinion that his behavior was consistent with one who had road rage. Without a more definitive factual conclusion, the Court's decision is insufficient to reach the factual conclusion that the City claims. Moreover, the fact that [Brown] made no defense during this part of the proceeding justifies a closer examination of the Court's opinion and renders its impact less significant.
>
> If the Court had instead reached a more definitive factual determination on this point — that [Brown] was acting with road rage — a different outcome would result. As written, the Court's opinion is not definitive and only speaks to how [Brown's] conduct "appears," not how it was proven. Therefore, as a factual matter it must be found that the Court's decision was not determinative on this narrow question.

{¶14} The arbitrator went on to conclude that Brown's actions "should not be measured as whether he acted correctly under the police department's rules and regulations[,]" but "whether those acts were consistent with a person with official police powers who was attempting to act consistent with those police powers."

{¶15} Using this standard, the arbitrator found no authority for the proposition that the district court's "color of law" analysis was synonymous

with the relevant "course and scope of employment" standard. Given that the collective bargaining agreement used the course and scope of employment standard, the arbitrator felt obliged to give that term meaning. He concluded:

> For the undersigned to take the Federal Court opinion and find that its "color of law" analysis is the same as a "course and scope" determination would require that the undersigned interpret and apply Federal case law. Without a specific case that finds the phrases are synonymous, it would be inappropriate for the undersigned to do so here.

III

{¶16} The city sought to vacate the arbitration award in the court of common pleas. The city cited both R.C. 2711.10 and 2711.11 as a basis for the motion to vacate the award, but made no specific argument under either statute. Instead, it argued that "the court can vacate an arbitration result when the arbitrators rule contrary to law or make such manifest mistake [sic] as naturally works a fraud[,]" and that the arbitrator's decision to "ignore" the preclusive effect of the district court's summary judgment constituted a manifest mistake.

{¶17} The court denied the city's motion to vacate the arbitration award. The court determined that the city's only viable ground for seeking relief was under R.C. 2711.10(D) — that "[t]he arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite

award upon the subject matter submitted was not made." Noting that an error of law or fact by an arbitrator does not provide a basis for vacating an arbitration award, the court found that the arbitrator's decision "demonstrate[d] a rational nexus between the collective bargaining agreement and the arbitration award such that a mutual, final and definite award was made." Although the court conceded that the "the decision of the arbitrator is at variance with that of the federal court and may not be the decision that this Court would have reached," the city failed to show that the arbitrator exceeded his powers or so imperfectly executed his duties that a mutual, final, and definite award was not made.

IV

{¶18} Arbitration is a favored method of resolving disputes, *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 1998-Ohio-294, 700 N.E.2d 859, so the scope of judicial review of the arbitration proceedings is limited by statute and construing case law. *Goodyear Tire & Rubber Co. v. Local Union No. 200, United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 42 Ohio St.2d 516, 520, 330 N.E.2d 703 (1975).

{¶19} Under R.C. 2711.10, a court can vacate an arbitration award for one of four reasons, all of which relate to the conduct of the arbitrator: fraud, corruption, misconduct, or exceeded powers. The city does not

specifically state which subsection of R.C. 2711.10 it relies upon in seeking vacation of the arbitrator's decision, although, as the court noted, the only provision consistent with its argument would be subsection (D): that the arbitrator exceeded his powers in refusing to give preclusive effect to the federal court decision.

{¶20} In *Findlay City School Dist. Bd. of Edn. v. Findlay Edn. Assn.*, 49 Ohio St.3d 129, 132-133, 551 N.E.2d 186 (1990), the supreme court stated the applicable standard of review under R.C. 2711.10(D):

> [G]iven the presumed validity of an arbitrator's award, a reviewing court's inquiry into whether the arbitrator exceeded his authority, within the meaning of R.C. 2711.10(D), is limited. Once it is determined that the arbitrator's award draws its essence from the collective bargaining agreement and is not unlawful, arbitrary, or capricious, a reviewing court's inquiry for purposes of vacating an arbitrator's award pursuant to R.C. 2711.10(D) is at an end.

{¶21} The review of an arbitration award pursuant to R.C. 2711.10(D) is not a de novo review of the merits of the dispute. *Buyer's First Realty, Inc. v. Cleveland Area Bd. of Realtors*, 139 Ohio App.3d 772, 784, 745 N.E.2d 1069 (8th Dist.2000). Also, we do not review an arbitration award for legal or factual errors. *Cleveland v. Fraternal Order of Police, Lodge No. 8*, 76 Ohio App.3d 755, 758, 603 N.E.2d 351 (8th Dist.1991); *Cleveland v. Internatl. Bhd. of Elec. Workers Local 38*, 8th Dist. No. 92982, 2009-Ohio-6223, ¶ 34. Our

review under R.C. 2711.10(D) is limited to the question of whether the arbitration award "draws its essence from the * * * agreement and is not unlawful, arbitrary or capricious." *Findlay City School Dist. Bd. of Edn.*, *supra*, paragraph two of the syllabus.

{¶22} Limited by this very narrow standard of review, we must reject the city's argument that the arbitrator's decision was unlawful because he disregarded the preclusive effect of the district court's legal conclusion that Brown was not acting under color of law. As the court noted, any disagreement it might have with the arbitrator's application of the doctrine of res judicata is not a valid basis for vacating an arbitration award under R.C. 2711.10(D). *Massillon Firefighters IAFF Local 251 v. Massillon*, 5th Dist. No. 2012CA00033, 2010-Ohio-4729, ¶ 35. The arbitration award drew its essence from the terms of the collective bargaining agreement because it was based on Brown's contractual right to have the city provide him with a legal defense for acts arising out of the course and scope of his employment. The arbitrator's legal conclusions are therefore immaterial and not a basis for overturning the court's refusal to vacate the arbitration award.

{¶23} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
JAMES J. SWEENEY, J., CONCUR